## Reasor v. Paducah & Illinois Ferry Company, et al.

(Decided April 29, 1915.)

Appeal from McCracken Circuit Court.

Trial—Instructions.—The refusal of the court to give an offered instruction is not prejudicial error when the matter contained in the offered instruction is fully covered in another instruction given.

MILLER & MILLER for appellant.

HENDRICK & NICHOLS for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, while attempting as a passenger to get on a ferryboat operated by the appellee company, received, as he alleged, personal injuries attributable to the negligence of the employes of the company in permitting the gang plank to fall across his foot. On a trial of the case there was a verdict for the company, and Reasor appeals.

The evidence for Reasor tended to show that as he was approaching the place from which the ferryboat operated by the company started on its trips, the gang plank had been raised and the boat was preparing to leave, but before it left the employes discovered a team approaching to be carried, and upon making this discovery, they lowered the gang plank at a time when he was so close to it as to receive the injuries complained of.

The evidence for the company was to the effect that Reasor, with knowledge that the gang plank was being

lowered, stepped in the way of it and received the injuries on account of his own negilgence. There is also some evidence in behalf of the company tending to show that he was not injured at all.

A reversal is asked upon the ground that the court should have instructed the jury in connection with and as a part of the instruction on contributory negligence, that although they might believe from the evidence that Reasor was guilty of contributory negligence, yet if the operators of the boat discovered that he was in peril in time to have avoided injury to him, it was their duty to have exercised ordinary care to prevent the injury.

We would be inclined to the opinion that this instruction should have been given except for the fact that in the instruction given by the court in behalf of Reasor the jury were told that ''it was the duty of the defendant to use the highest degree of care that is ordinarily observed by prudent people engaged in like business and under like circumstances, to avoid injury to the plaintiff, and if the jury believe from the evidence that as plaintiff was on the pier and was about to go upon, or was in the act of going upon the said boat, and that at that time and place the defendants failed to observe the highest degree of care towards plaintiff that is usually observed by prudent people engaged in a like business under like circumstances, and because of such failure the gang plank was caused to fall or to be thrown upon plaintiff's foot, the law is for the plaintiff.''

Under the evidence in this case we think this instruction covered very fully every duty the defendant was under to avoid injuring the plaintiff, and this being so, it was not prejudicial error to fail to give the offered instruction on the subject of discovered peril.

The judgment is affirmed.